IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

COCO RICO, LLC.,

Plaintiff,

v().

UNIVERSAL INSURANCE COMPANY,

Defendant.

CIVIL NO.: 21-1390 (MEL)

**OPINION & ORDER**

On August 20, 2021, Plaintiff Coco Rico, LLC ("Plaintiff") filed a complaint against Defendant Universal Insurance Company ("Defendant") alleging breach of contract when Defendant failed to pay Plaintiff for lost business income and extra expenses incurred "[p]ursuant to the terms of the Business Income (and Extra Expense) Coverage Form" ("the policy") held with Defendant after a beverage manufacturing facility which Plaintiff operated in Naguabo, Puerto Rico ("the Naguabo Plant") was destroyed in Hurricane María in September 2017. ECF No. 1 at 3, 10.[1] Now pending before the court is Plaintiff's "Motion to Strike Defendant's Expert Witness Reports and/or Motion *in Limine* to Preclude Defendant's Expert[.]" ECF No. 52. In the motion, Plaintiff seeks to strike two expert reports produced by Ms. Margarita Rivera ("Ms. Rivera")—one dated August 9, 2022 and an amended report dated March 24, 2023—and requests that the court preclude Ms. Rivera from testifying at trial entirely. ECF No. 52 at 5, 24–25; ECF Nos. 52-1, 52-4. Defendant filed a response in opposition (ECF

---

[1] Following the pretrial and settlement conference, Plaintiff voluntarily desisted from an additional claim based on claim preparation expenses. ECF No. 63; see ECF No. 68.

No. 61), Plaintiff was granted leave and filed a reply (ECF No. 66), and Defendant was granted leave to file and filed a surreply (ECF No. 73).

I. **Procedural Background**

The deadline for Defendant to produce any expert reports was originally set for July 20, 2022. ECF No. 26 at 2. However, Defendant was granted an extension until August 11, 2022 "to produce all expert reports and expert witness disclosures." ECF No. 30. Plaintiff informs the court that Defendant timely produced Ms. Rivera's first expert report, dated August 9, 2022, on August 9, 2022 ("the original report"). ECF Nos. 52, 52-1. The discovery deadline was originally set to expire on December 31, 2022. ECF No. 26 at 2. However, at the request of Defendant, the court granted extensions until January 18, 2023 and January 25, 2023 for only a limited and distinct set of discovery matters none of which authorized an extension for Defendant to produce an amended expert report. ECF No. 39 ("The discovery phase of the case is deemed closed except for those matters explicitly detailed in this order.").[2] However, on March 30, 2023 Defendant produced an "amended expert witness report" by Ms. Rivera dated March 24, 2023 ("the amended report"). ECF Nos. 52 at 4; 52-4. Trial is scheduled to begin in this case on June 5, 2023 at 9:00 AM. ECF No. 26 at 2.

II. **Analysis**

A. **The Amended Report of March 24, 2023**

Plaintiff first moves to have Ms. Rivera's amended expert report dated March 24, 2023 struck from the record because it was produced on March 30, 2023, nearly eight months late after the deadline for Defendant to produce its expert witness reports and "less than 70 days before

---

[2] Nowhere in Defendant's "Motion for Enlargement of Time to Conclude Discovery" (ECF No. 33) does Universal Insurance Co. explicitly inform the court that its expert needs to amend or supplement her report.

trial[.]" ECF No. 52 at 4. Defendant replies that Ms. Rivera's amended report was produced on March 30, 2023 as a result of "newly provided information" which obligated Defendant to have Ms. Rivera's expert report amended pursuant to the directives of Federal Rule of Civil Procedure 26(a)(3)(B). ECF No. 61 at 3–5.[3]

Federal Rule of Civil Procedure 26(a)(2)(B) requires that the disclosure of an expert witness "must be accompanied by a written report—prepared and signed by the witness[.]" "Absent a stipulation or a court order" the time to disclose expert testimony must be made "at least 90 days before the date set for trial or for the case to be ready for trial[.]" Rule 26(e)(2) provides a duty to supplement expert reports, stating that,

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Once an expert "disclosure is made, it must be kept current. . . . Since an important object of these rules is to avoid trial by ambush, the district court typically sets temporal parameters for the production of such information." Macaulay v. Anas, 321 F.3d 45, 50 (1st Cir. 2003). Accordingly, Rule 26(a)(3)(B) states "[u]nless the court orders otherwise, [pretrial] disclosures must be made at least 30 days before trial." However, when a party does not comply with the

---

[3] Defendant also argues that Plaintiff's request to strike the March 24, 2023 dated expert report "is entirely pointless: Universal did not announce the March 24, 2023 amended expert report as part of the documentary evidence that it intends to use at trial. . . . Given that Universal did not announce the report as evidence, there is no need and/or basis to ask the court to 'strike' it." ECF No. 61 at 1. Defendant's argument misses the point. The issue is not whether the amended expert report will be admitted into evidence at trial. Expert reports are hearsay and are thus, inadmissible. Jones ex rel. U.S. v. Massachusetts Gen. Hosp., 780 F.3d 479, 494 (1st Cir. 2015) (Upholding as inadmissible an expert report at trial, calling the expert report "a quintessential example of hearsay"). The controversy, however, lies in whether Ms. Rivera's testimony will be circumscribed to the original report or whether she will be allowed to testify within the confines of the amended report. If Ms. Rivera's March 24, 2023 report is disallowed, she will have no basis to testify as to the contents of that amended expert report at trial. See Nazario Sánchez v. Hospicio La Paz, 2016 WL 8671918, at *3 (D.P.R. Sept. 30, 2016) (finding that after an amended expert report was stricken for untimeliness, the expert's testimony at trial "should be confined to the findings and opinion contained in [the expert's] first expert report.").

deadlines set by the court, "the district court has the authority to impose a condign sanction (including the authority to preclude late-disclosed expert testimony)." Macaulay, 321 F.3d at 50.

Defendant points to Rule 26(a)(3)(B), arguing that Ms. Rivera's amended report was produced on March 24, 2023, roughly 70 days before trial, and therefore production was "well within the [30 day] deadline set out in Fed.R.Civ.P.26(a)(3)(B), [and] it was timely disclosed." ECF No. 61 at 6. Defendant's argument is misguided. Rule 26(a)(3)(B) in combination with Rule 26(e)(2) provides that supplemental additions or changes to an expert report are due 30 days before trial "[u]nless the court orders otherwise[.]" Here, the court had clearly ordered that Defendant's expert report be produced by August 11, 2022, a deadline that was not extended afterwards. ECF Nos. 30, 39. It is now well within the court's authority to preclude Ms. Rivera's late-produced amended report, which was produced more than seven months after the deadline and significantly after the close of the discovery phase of the case.

Defendant nevertheless contends that Ms. Rivera's amended report was based on "new information discovered by Universal and its expert[.]" ECF No. 61 at 5, 7. Federal Rule of Evidence 26(e) requires supplementation when a "party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" For example, an amended expert report may be permitted when a party produces "new documents late" and when the affected party then produces its "amended expert report without delay." El Campo Ventures, LLC v. Stratton Sec., Inc., 2021 WL 8442051, at *2 (W.D. Tex. Sept. 5, 2021). A party wishing to submit a redrafted report after the close of discovery based on "newly discovered evidence" should also request a modification of the court's deadlines based on good cause. See Dag Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95,

105 (D.D.C. 2005) ("Because the deadline for discovery expired, Plaintiffs are obligated to seek a modification of the Scheduling Order by demonstrating 'good cause' before serving additional discovery and redrafting their expert reports."). Generally, amended reports may be allowed to correct "honest mistakes" or errors and not to bolster expert opinions or "send the case on a wholly different tack[.]" Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc., 2008 WL 4601038, at *1 (N.D. Cal. Oct. 15, 2008) (citing Talbert v. City of Chicago, 236 F.R.D. 415, 424 (N.D. Ill. 2006); Akeva LLC v. Mizuno Corp., 212 F.R.D. 306, 310 (M.D.N.C. 2002)). In this way, an amended report should be essentially "supplemental" and a party may not rely on Rule 26 to "as a way to remedy a deficient expert report or as a means of getting in, in effect, a brand new report." Id.

In this case, Defendant had the allegedly "newly discovered evidence" in its possession before the close of discovery yet waited months after the end of discovery to submit a materially different report while never moving for an extension of the court's August 11, 2022 deadline to amend Defendant's expert's report and explicitly detailing the "newly discovered evidence." By Defendant's own admission, the information regarding Plaintiff's alleged manufacturing operations in New Jersey was discovered through an email exchange between counsel on November 14, 2022. ECF No. 61 at 3–4. While this evidence was discovered after the Defendant's deadline to produce any expert reports, it was still available to Defendant and Ms. Rivera six weeks before the original close of the discovery deadline on December 31, 2022. By March 30, 2023, the information contained in the email of November 14, 2022—nearly four-and-a-half months earlier—can hardly be called "newly discovered evidence." Nor can it be said that the amended report was produced without delay.

Furthermore, the change to Ms. Rivera's report does not merely correct an "honest mistake" or error, and instead offers new conclusions. Much of the parties' disputes in their motions *in limine* involve the so-called "period of restoration." This term is found in the "Business Income (and Extra Expense) Coverage Form" of the policy at issue in this case ("the policy"). ECF No. 53-1 at 624–32. Pursuant to that policy, Defendant's obligation is to "pay for the actual loss of Business Income you [the insured] sustain[s] due to the necessary 'suspension' of your 'operations' during the 'period of restoration'." ECF No. 53-1 at 624. The "period of restoration" is defined as beginning "72 hours after the time of direct physical loss or damage" and ending "on the earlier of (1) the date when the property at the described premises should be repaired rebuilt or replaced with reasonable speed and similar quality; or (2) the date when business is resumed at a new permanent location." ECF No. 53-1 at 632. Ms. Rivera's original report from August 9, 2022 calculated Plaintiff's total loss as $226,975 based on a period of restoration from September 2017 through November 8, 2019. ECF No. 52- at 7. However, the amended report takes a wholly different tack in which Ms. Rivera makes a significant recalculation of the loss based on a period from September 20, 2017 to October 17, 2017. ECF No. 52-4 at 4. This new assessment is based on a theory originating from the November 14, 2022 email exchange wherein Ms. Rivera asserts that Plaintiff "admit[s] that they began manufacturing the concentrate at the plant located in New Jersey on October 18, 2017[.]" ECF No. 52-4 at 1. This change results in a total loss calculation of $22,586.48—less than 10 percent of her original assessment. ECF No. 52-4 at 4.

If the evidence discovered on November 14, 2022 was so important so as to require a drastic alteration in Ms. Rivera's expert opinion, Defendant has provided no explanation as to why it did not file a motion notifying the court of this development and requesting leave for

6

"good cause" to modify the deadlines to amend its expert report in the time between November 14, 2022 and the close of discovery on December 31, 2022. Defendant was not diligent in waiting until March 30, 2023 to produce the amended expert report without having requested leave to amend the report outside of the court's deadlines and after the close of discovery. Because the court finds that Ms. Rivera's newly amended report was produced unjustifiably late, her testimony at trial will be circumscribed to her original report. She will not be allowed to testify about the analysis contained in the amended report dated March 24, 2023. See Keener v. United States, 181 F.R.D. 639, 642 (D. Mont. 1998) (precluding an expert's untimely "supplemental" expert opinion and limiting the expert to testifying to the initial expert report disclosed before the deadline expired.)

### B. The Original Report of August 9, 2022

In addition to the untimely amended report, Plaintiff also requests the court strike Ms. Rivera's timely produced August 9, 2022 expert report and to completely preclude her from testifying at trial. ECF No. 52 at 24–25. In so arguing, Plaintiff objects that (1) certain disclosures and attachments regarding Ms. Rivera's expert report are missing or were never produced; (2) Ms. Rivera's is not qualified to testify at trial; and (3) Ms. Rivera did not rely on an engineer when formulating the period of restoration in her expert report.

#### 1. Missing and Late Disclosures Associated with Ms. Rivera's Original Report

The court first turns to alleged deficiencies with disclosures and attachments to her original expert opinion. First, Plaintiff argues that at the time of the August 9, 2022 production by Defendant was incomplete because although an "Annex 4" was mentioned in the report, no such annex was ever produced. ECF No. 52 at 2. Plaintiff does not explain why it is only now bringing this missing annex to the attention of the court—approximately eight months after the

original report was produced. Plaintiff should have raised the missing annex with opposing counsel as soon as it was discovered missing, without requiring the intervention of the court. If such effort was unsuccessful, Plaintiff should have timely raised an objection with the court or a motion to compel production before the end of discovery. Therefore, Plaintiff's belated complaints regarding "Annex 4" provide no basis to exclude Ms. Rivera's testimony.

Plaintiff also objects to Ms. Rivera's testimony because as of the date of the filing of Plaintiff's motion *in limine*, Plaintiff had not received from Defendant "a list of authored publications, if any, or a list of other cases in which, during the previous 4 years, Margarita Rivera testified as an expert at trial or deposition. ECF No. 52 at 21. Defendant does not dispute that it did not provide the list of cases in which Ms. Rivera had testified or her compensation statement, but represents that it has now provided both to Plaintiff on April 21, 2023—the day Defendant filed its response in opposition to Plaintiff's motion *in limine*. ECF No. 61 at 2. Defendant further states that Ms. Rivera had only testified in a deposition for a single case in the last four years. ECF No. 61 at 3. Under these circumstances, excluding Ms. Rivera's testimony in its entirety would be a sanction disproportionate to Defendant's late production of the foregoing information. See Keener, 181 F.R.D. at 640 ("Although the defendant missed the disclosure deadline by three months with regard to providing other cases in which Dr. Lyden has testified, standing alone this would not be sufficient to prevent Dr. Lyden from testifying."). This is particularly true here because the list of cases in which Ms. Rivera has testified boils down to a single deposition. Furthermore, the case list and compensation statement have been in Plaintiff's possession since April 21, 2023, thereby allowing Plaintiff to take advantage of this information to prepare to cross-examine Ms. Rivera during trial.

**2. Ms. Rivera's Qualifications,**

Regarding Ms. Rivera's general qualifications to opine in this case, Plaintiff argues that Ms. Rivera "is **not** a Certified Public Accountant or a Forensic Auditor . . . therefore, Universal's proposed expert testimony is beyond the expert[']s qualifications." ECF No. 66 at 3 (emphasis in original). Plaintiff also highlights that Ms. Rivera has never served as an expert in a U.S. District Court or Commonwealth of Puerto Rico Superior Court case and has only appeared in a deposition in a Luquillo Municipal Court case. ECF No. 66 at 4.

An examination of the documents and statements provided by Defendant alongside Ms. Rivera's expert reports shows Plaintiff's averments regarding Ms. Rivera's qualifications to be true. However, none of these bases provide an adequate reason to exclude Ms. Rivera from testifying because Plaintiff fails to show how Ms. Rivera does not meet a meaningful threshold to make her loss calculations. Rule 702 states that "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]" "Under this rule, a testifying expert 'should have achieved a meaningful threshold of expertise' in the given area." Levin, 459 F.3d at 78 (citing Prado Alvarez, 405 F.3d at 40).

Ms. Rivera's *curriculum vitae* states that she holds a Bachelor of Business Administration with a Major in Accounting and a Masters of Business Administration. ECF No. 66-7. Her *curriculum vitae* and an accompanying certificate also indicate that she has been a "Certified Fraud Examiner" ("CFE") "by virtue of the provisions of the bylaws of the Association of Certified Fraud Examiners" since June 25, 2003. ECF No. 66-7 at 3. Her report also explains that "[f]or the preparation of this report, the regulations imposed by the profession

of Certified Public Accountant of Puerto Rico were followed." ECF No. 52-1 at 2. Defendant also openly concedes that Ms. Rivera has only ever appeared in a deposition of a single case in the last four years. ECF No. 61 at 3. Even so, Plaintiff has given no well-explained reason why Ms. Rivera's qualifications as a Certified Fraud Examiner are inadequate to help the trier of fact to understand the evidence or determine a fact at issue, or even how it would help the trier of fact less than if she were a CPA or Forensic Auditor. Nor has Plaintiff pointed to a requirement under Rule 702 or any other legal authority requiring that an expert witness have testified in a certain number of cases before being able to testify as an expert in court. Accordingly, Plaintiff's motion *in limine* with regard to this issue is denied. Should Plaintiff have further reason to doubt Ms. Rivera's expertise and qualifications, Plaintiff may *voir dire* Ms. Rivera prior to her being admitted as an expert during her direct examination, including confronting said witness with the fact that she is not a Certified Public Accountant, Forensic Auditor, and that she has never testified before in any court.

### 3. Ms. Rivera's Alleged Failure to Rely on an Engineer

Plaintiff also objects to Ms. Rivera's original expert report arguing that Ms. Rivera is not qualified to calculate the period of restoration without relying on an engineer in making her expert report. ECF No. 52 at 23. Plaintiff contends that Ms. Rivera 's original report is missing the "restoration period date" and that she "did NOT evaluate or took [sic] into account available facts, or even Plaintiff's expert engineer calculation of [the] restoration period, in forming her expert opinion and conclusions[.]" ECF No. 52 at 4, 23. Defendant responds that the period of restoration leading to the compensation calculation by Ms. Rivera is a "factual issue" that Defendant will establish "mainly with plaintiff's own admissions" and "documents submitted into evidence by Universal." ECF No. 73 at 2 (emphasis in original). Defendant states that by the

time Ms. Rivera testifies, "Universal will simply ask her to make the business income loss and extra expense calculation based on what stems from those admissions and/or documents." ECF No. 73 at 2.

Regarding Defendant's arguments, while the period of restoration may indeed involve factual inquiries, because Ms. Rivera's amended expert report has been precluded, it cannot form a basis for her testimony at trial, and her testimony will be confined to her findings and opinions laid out in her original expert report from August 9, 2022. Nazario Sánchez v. Hospicio La Paz, 2016 WL 8671918, at *3 (D.P.R. Sept. 30, 2016) (finding that after an amended expert report was stricken for untimeliness, the expert's testimony at trial "should be confined to the findings and opinion contained in [the expert's] first expert report."). Of course, a jury is free to weigh any expert's testimony in light of other factual evidence introduced into the record.

Turning to Plaintiff's arguments, a brief look at Ms. Rivera's original expert report indicates that Ms. Rivera relied on Plaintiff's own assessment of the period of restoration which coincides with the period of restoration identified by Plaintiff's engineering expert Mr. Roque Pérez Frangie ("Mr. Pérez"). In Ms. Rivera's summary at the conclusion of her original expert report, Ms. Rivera writes that "[t]he Insured estimated a business income claim of $686,098 for the period September 21, 2017, to November 8, 2019." ECF No. 52-1 at 7. She also noted elsewhere in her report that Plaintiff's accountants submitted a claim "for the period of September 21, [2]017 to November 8, 2019." ECF No. 52-1 at 4. Plaintiff's expert engineer, Mr. Pérez, in his report dated February 25, 2022, concluded that the period of restoration would conclude on November 8, 2019. ECF No. 53-1 at 8 ("it is reasonable to consider that production could be up and running by November 8, 2019.").[4]

---

[4] The court takes judicial notice that Hurricane María made landfall in Puerto Rico on September 20, 2017.

Ms. Rivera is not precluded from relying on the expert opinions of Plaintiff's experts in formulating her own opinion on the period of restoration. See In re Wright Med. Tech. Inc., Conserve Hip Implant Prod. Liab. Litig., 127 F. Supp. 3d 1306, 1320 (N.D. Ga. 2015) ("The facts and data upon which an expert may rely in reaching an expert opinion includes the opinions and findings of other experts, if experts in their respective field would reasonably rely on other expert's opinions and findings."). Accordingly, in Ms. Rivera's conclusion of her original expert report, she calculated a "total of $226,975 for the period from September 2017 through November 8, 2019." ECF No. 52-1 at 7. She then writes, "It is important to point out that the period of restoration to be considered will be determined by the Engineer assigned to the insurance company, so the amounts computed herein could vary in accordance thereto." ECF No. 52-1 at 7. As such, Ms. Rivera anticipated that Defendant would hire an engineer to determine the period of restoration, making her report subject to amendment, but such analysis had not yet been done at the time of Ms. Rivera's original report.[5] Absent an assessment by any engineer hired by Defendant, Ms. Rivera nevertheless relied on the period of restoration identified by Plaintiff with the same end date identified by Plaintiff's expert engineer. Plaintiff cannot now argue that Ms. Rivera's period of restoration was in error or based on improper methodology if her period of restoration was based on Plaintiff's own assessment by its experts. Therefore, while the court will not allow Ms. Rivera's testimony to be based on her amended report, she will not be precluded from testifying on the basis of her original report.

---

[5] Ms. Rivera' subsequent amended report from March 24, 2023, however, was not amended on the on the basis of an engineer's assessment later hired by Defendant, but was instead based on, among other information, the November 14, 2022 email exchange wherein Plaintiff allegedly "admit[s] that they [Plaintiff] began manufacturing the concentrate at the plant located in New Jersey on October 18, 2017[.]" ECF No. 52-4 at 1–3. Furthermore, the caveat that the period of restoration would subsequently be determined by an engineer did not exempt Defendant from having to comply with the August 11, 2022 deadline. Said deadline set by the court was for the purpose of producing an expert report, not a preliminary or draft expert report.

### III. Conclusion

For the foregoing reasons, Plaintiff's "Motion to Strike Defendant's Expert Witness Reports and/or Motion *in Limine* to Preclude Defendant's Expert" (ECF No. 52) is GRANTED IN PART AND DENIED IN PART. Plaintiff's request that Ms. Rivera's amended expert report dated March 24, 2023 be stricken is GRANTED, and Ms. Rivera shall be precluded from testifying as to the contents of that amended expert report at trial. Plaintiff's remaining request to strike Ms. Rivera's original expert report dated August 9, 2022 and to preclude Ms. Rivera from testifying at trial is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of May, 2023.

s/Marcos E. López
U.S. Magistrate Judge
