IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **COCO RICO, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**UNIVERSAL INSURANCE COMPANY,**<br><br>Defendant. | CIVIL NO.: 21-1390 (MEL) |

**OPINION AND ORDER**

Pending before the court is Defendant Universal Insurance Company's ("Universal") Motion to Deposit Funds. ECF No. 154. Universal contends that they owe post-judgment interest only from the second amended judgment. Because the second amended judgment was a result of the Court of Appeals' finding that the trial verdict was at least in part without an evidentiary basis, said motion is GRANTED.

I.      **Procedural and Factual Background.**

On June 30th, 2023, Plaintiff Coco Rico LLC. ("Coco Rico") secured a judgment in this court of $1,123,000.00 against Universal for its failure to payout on an insurance policy. EFC No. 95. This award included $873,000.00 in contractual damages and an additional $250,000.00 in consequential damages.

After this judgment, Universal made a renewed motion for judgment as a matter of law arguing that there was no evidence for the award of consequential damages. ECF No. 106 at 1.

The motion for judgment as a matter of law was denied. ECF No. 134. Universal additionally motioned for a new trial or a reduction in the contractual damage award, arguing a lack of evidence at trial for the awarded amount. ECF No. 107 at 1. This motion was partially denied, but a first amended judgment was entered for $1,000,000.00, to comport with the insurance policy limit of $750,000.00 for loss of business income and extra expenses incurred. ECF No. 137.

Universal appealed this first amended judgment. ECF No. 140. The Court of Appeals for the First Circuit "reverse[d] the district court's orders (1) denying Universal's motion for a reduction of contractual damages and (2) denying Universal's motion to set aside the jury's consequential damage award . . . ." ECF No. 148, 149. In particular, the Court of Appeals found the awards of consequential damages unsupported by the evidence adduced at trial. ECF No. 148 at 17. The Court of Appeals further concluded that the economic damages of $750,000.00 "exceed[ed] any rational appraisal". *Id.* at 10. The First Circuit described both awards as lacking an "evidentiary basis". *Id.* at 2.

Pursuant to the judgment of the First Circuit Court of Appeals, a second amended judgment was entered in the amount of $686,098.00. ECF No. 150. Defendant now moves to deposit funds in the amount of $690,719.09 with the Clerk of the Court. ECF No. 154 at 4. This figure includes 42 days of interest, calculated from the date of the second amended judgment. *Id.* Coco Rico has responded asserting that the interest should be calculated from the date of the initial judgment instead of the date of the second amended judgment. ECF No. 157 The parties' differing calculations as to the amounts owed amount to a gap of $81,125.05. *Id.* Universal deposited $690,719.09 with the Clerk of the Court on August 22nd, 2025, in satisfaction of the second amended judgment. ECF No. 155.

## II.  Discussion

The analysis begins with the statute that defines the interest available to the prevailing party of a money judgment, that is 28 USC §1961 ("Section 1961"). Section 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in district court." 28 USC §1961. This post-judgment interest is mandatory in federal civil cases "regardless of whether the judgment itself contains a specific award of interest". *United States v. Michael Schiavone & Sons, Inc.*, 450 F.2d 875, 876 (1st Cir. 1971).

Once a judgment has been appealed, interest becomes the province of the Court of Appeals. Rule 37 of the Federal Rules of Appellate procedure provides that when an appellate court "modifies or reverses a judgment with a direction that a money judgment be entered by the district court, the mandate *must contain instructions* about the allowance of interest." Fed. R. App. Proc. 37 (emphasis ours). This rule indicates that the authority to order interest is no longer with the district court once the appellate court has modified or reversed a judgment.

Read together, 28 USC §1961 requires post judgment interest to be granted, but Rule 37 requires that the details of that grant come from the Court of Appeals once a judgment has been modified. In the present case the Court of Appeals has modified the judgment, but their mandate does not include any order regarding interest for the pertinent judgment.

The First Circuit has offered guidance for what should occur when they have not instructed on the issue of post-judgment interest. The result is dependent on the final disposition of the appeal:

> [W]here the first judgment lacks an evidentiary or legal basis, post-judgment interest accrues from the date of the second judgment; where the original judgment is basically sound but is modified on remand, post-judgment interest accrues from

the date of the first judgment. *Cordero v. De Jesus-Mendez*, 922 F.2d 11, 16 (1st Cir. 1990).

"Basically sound" judgments are those where on appeal "no credible argument" is made that damages were unsupportable. *Fiorentino v. Río Mar Assocs. LP*, 626 F.3d 648, 652 (1st Cir. 2010). In *Cordero* itself, the mistake of the district court was an erroneous jury instruction that the Court of Appeals feared may have led to a double recovery. *Cordero* 922 F.2d 11, 18. However, the jury correctly applied the evidence, and the judgment was therefore basically sound. *Id.* The appellate court was careful to not to penalize a victorious plaintiff for the errors of the trial judge's error. *Id.* at 18.

Here, however, the Court of Appeals specifically found two awards by the jury to be without "evidentiary basis". This falls directly into the first half of the *Cordero* standard. While the award of $686,098.00 encompassed within the $750,000.00 portion of the first amended judgment was not itself overturned, the first amended judgment considered as a whole cannot be said to have an evidentiary or legal basis.

Interest therefore must accrue from the date of the second amended judgment. Universal has satisfied its obligations as a judgment creditor by depositing $690,719.09 with the Clerk of the Court. For the forgoing reasons, Universal's Motion to Deposit Funds is GRANTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of October 2025.

s/Marcos E. López  
U.S. Magistrate Judge